UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TAMMY ROY COFIELD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-01603-MHH-SGC |
| | ) |
| DEBORAH TONEY, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On November 15, 2022, the magistrate judge entered a report in which she recommended that the Court dismiss this § 2254 habeas petition as time barred under the Antiterrorism and Effective Death Penalty Act, codified at 28 U.S.C. § 2244. (Doc. 8). Mr. Cofield has objected to the report and recommendation. (Doc. 9).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673

(quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

As the magistrate judge explained, under AEDPA, a one-year statute of limitations governs § 2254 habeas petitions directed to state court criminal convictions. (Doc. 8) (discussing 28 U.S.C. § 2244(d)(1)). Mr. Cofield argues that his habeas petition should survive AEDPA's one-year limitation because his challenge to his state court conviction "is based upon the denial, violation of his substantive United States Constitutional rights . . . It is not strictly jurisdictional issues, but the violations of his substantive due process" rights. (Doc. 9, p. 2). Mr. Cofield contends that a substantive due process violation "divest[s] any court of the jurisdiction to try and convict" a criminal defendant. (Doc. 9, p. 4).

In *Williams v. U.S.*, an Eleventh Circuit panel stated that the one-year statute of limitations for § 2255 challenges to federal criminal sentences applies even when the challenge rests on an attack on the sentencing court's jurisdiction. 383 Fed. Appx. 927, 929-30 (11th Cir. 2010). In *Morales v. Jones*, the Tenth Circuit Court of Appeals examined AEDPA's one-year time limit for § 2254 habeas petitions and held that the limit applies to due process challenges that concern a sentencing court's subject matter jurisdiction, even though a defendant can raise a challenge to subject matter jurisdiction at any time. 417

Fed. Appx. 746 (10th Cir. 2011).  The Tenth Circuit stated that the defendant made "no argument to differentiate this case from any other due process violation.  As with any other habeas claim, it is subject to dismissal for untimeliness." *Morales*, 417 Fed. Appx. at 749 (citing *Gibson v. Klinger*, 232 F.3d 799 (10th Cir. 2000) (affirming dismissal of untimely due process challenge to criminal conviction)).

Mr. Cofield has not objected to the magistrate judge's calculation of the expiration of the one-year period for him to assert a due process/jurisdictional challenge to his state court conviction, and the Court has found no basis for an objection to the calculation.

Accordingly, Mr. Cofield's § 2254 habeas petition is untimely whether he frames his constitutional argument as one concerning subject matter jurisdiction or due process of law.  Therefore, the Court overrules Mr. Cofield's objection and accepts the magistrate judge's recommendation.  By separate order, the Court will dismiss this action based on the expiration of the one-year statute of limitation.

The Court declines to issue a certificate of appealability.  If he decides to challenge the dismissal of his habeas petition in this matter, Mr. Cofield must request a certificate from the Eleventh Circuit Court of Appeals.  Fed. R. App. P. 22(b); 11th Cir. R. 22-1(b).

**DONE** and **ORDERED** this December 20, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

3